UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HEIDE NOONAN,

      Plaintiff,

  v.                                                      Case No. 18-CV-641

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

      Heide Noonan sought judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). On September 20, 2019 I affirmed the Commissioner's decision. (Docket # 26.) Noonan filed a timely appeal, and the Seventh Circuit vacated the judgment affirming the denial of benefits and remanded the case for further proceedings. (Docket # 32.) Pursuant to the Seventh Circuit's mandate, the case was remanded to the Commissioner on January 22, 2021. (Docket # 33.) Noonan now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 35.) The Commissioner opposes Noonan's motion, arguing that its position was substantially justified. (Docket # 36.) For the reasons explained below, Noonan's motion for fees under the EAJA is denied.

# EAJA STANDARD

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Because I ultimately reversed and remanded the Commissioner's decision under sentence four of § 405(g), the plaintiff was the prevailing party in this litigation. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 384 (7th Cir. 2010). The application was timely filed, and the Commissioner points to no special circumstances making an award unjust.

The Commissioner argues, however, that his position was substantially justified. When the Commissioner challenges the fees on this ground, he bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864. The Commissioner's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," that is, if it has "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A loss on the merits does not automatically result in a finding that the government's position was not substantially justified. *See id.* at 569. In assessing whether the Commissioner's position was substantially justified, the Court must look at the Commissioner's conduct as a whole. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). EAJA fees are not determined by the number of successful arguments, and a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified. *Id.*

Also, the fact that "one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569. Thus, in cases such as this one where I affirmed the Commissioner's decision and the Seventh Circuit reversed, I must accept the appellate court's view of the merits as the premise for evaluating the government's position. The Seventh Circuit has stated:

> A district judge who has been reversed for ruling against the party that the court of appeals decides should have prevailed must be careful not to let his superseded view of the merits color his determination of whether there was a substantial justification for the government's position. He must accept the appellate court's view of the merits as the premise for evaluating the government's position. Our view might be that it was a close case—that the government's position, though the district judge should in the end have rejected it, was substantially justified. But if it is apparent from our opinion that we think the government lacked a substantial justification for its position, though the judge had thought it not only substantially justified but correct, he must bow.

*Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d at 384 (internal citations omitted). The Commissioner's position includes his position during litigation and his position during the administrative proceedings. *See* 28 U.S.C. § 2412(d)(1)(B), (2)(D). The administrative law judge's decision is considered part of the Commissioner's prelitigation, administrative position. *Cunningham*, 440 F.3d at 863–64. Whether the Commissioner's position is substantially justified is left to the discretion of the district court, "in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue*, 641 F.3d 857, 859–60 (7th Cir. 2011) (quoting *Pierce*, 487 U.S. at 561–62).

While there is no "firm rule," the Seventh Circuit has provided some "helpful benchmarks" as to whether the Commissioner's position is substantially justified. *Id.* at 859. Specifically, the Commissioner's position may be substantially justified even if it turns out to

be completely wrong. *Id.* The ALJ's opinion might offer merely a "cursory and inadequate" analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the Commissioner's defense of the opinion. *Id.* (internal citation omitted). That is because the requirement that the ALJ must articulate an assessment of the evidence is "deliberately flexible," so the ALJ's failure to "connect all the dots" in the analysis, and the Commissioner's defense of those gaps in the ALJ's reasoning, is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law. *Id.* at 859–60 (citing *Cunningham*, 440 F.3d at 864–65). It typically takes something more egregious than an error in articulation to make the Commissioner's position unjustified. *Id.* at 860 (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)). Rather, the error must be something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the Commissioner's defending the ALJ's opinion on a forbidden basis. *Id.* The Seventh Circuit has also explained that the Commissioner's position "must be stronger than merely non-frivolous," though "'[s]ubstantially justified' does not mean 'justified to a high degree.'" *Suide v. Astrue*, 453 F. App'x 646, 648 (7th Cir. 2011) (internal citations omitted).

## DISCUSSION

The Commissioner opposes Noonan's request for fees solely on the ground that his position was substantially justified. The Commissioner has not challenged the reasonableness of the fee request. The Commissioner argues that his position was substantially justified because the Seventh Circuit affirmed on all but one issue and reversed due to an error of articulation by the ALJ. (Docket # 36 at 2–3.) Noonan counters that "argument counting" is an insufficient basis on which to determine substantial justification and that the

4

Commissioner's position was not merely an articulation error, but a complete failure to address an entire line of evidence related to her neuropathy (Docket # 37 at 1–2) coupled with improper cherry-picking of the record (*id.* at 3).

Noonan misinterprets the Seventh Circuit's finding in this case. While Noonan is correct that simple "issue counting" is not a proper basis on which to find the Commissioner's position substantially justified, I can consider the fact that some of the claimant's attacks on the ALJ's opinion "did not hold any water." *See Bassett*, 641 F.3d at 860. And in this case, the Seventh Circuit was complimentary of the ALJ's handling of Noonan's case as a whole. The court stated that while Noonan applied for disability insurance benefits based on "a litany of ailments," it had "no reservation with the ALJ's consideration of Noonan's lupus or mental impairments." (Docket # 32 at 2, 5.) The court stated that the ALJ's analysis on those issues was "well-rooted in the record, soundly reasoned, and supported by substantial evidence." (*Id.* at 5.)

As to the ALJ's consideration of Noonan's neuropathy, however, the Seventh Circuit stated that it had "reservations" about the ALJ's analysis, finding that the ALJ failed to expressly address Noonan's testimony regarding her difficulty sitting or standing for meaningful periods of time. (*Id.*) While the court acknowledged that the medical records were "less than clear on the point" and even conceded that "[p]erhaps some evidence somewhere in the record addresses the question," in the end, the court concluded that it was the ALJ's responsibility, not the court's, to "scour the record for supporting evidence." (*Id.*) And as to the neuropathy issue, specifically Noonan's testimony regarding standing and sitting for meaningful periods, the ALJ's analysis simply "fell short." (*Id.*)

But the ALJ's failing in Noonan's case is precisely the type of position the Seventh Circuit has found substantially justified—the defense of an ALJ opinion containing a "cursory and inadequate analysis." *See Bassett*, 641 F.3d at 859 (explaining that a "cursory and inadequate analysis" in an ALJ's opinion "usually will not be enough to poison the opinion"). The ALJ did not, as Noonan asserts, ignore or mischaracterize a significant body of evidence; rather, the court of appeals found that the ALJ's analysis of Noonan's neuropathy was "sparing" and "fell short." (Docket # 32 at 5.) In other words, the ALJ failed to "connect all the dots" between his RFC finding and Noonan's testimony regarding her ability to sit and stand for meaningful periods. *See Bassett*, 641 F.3d at 859–60. In fact, the *Noonan* court acknowledged that with a "scouring of the record," the dots may very well connect. (*See* Docket # 32 at 5 ("Perhaps some evidence somewhere in the record addresses the question . . .").) However, because the ALJ failed to connect these dots, remand was necessary to "revisit the RFC." (*Id.* at 5–6.) Thus, despite the court's finding that the ALJ erred and remand was required, I find that the Commissioner's position had a reasonable basis both in law and fact and thus was substantially justified. Accordingly, Noonan's motion for attorney's fees pursuant to the EAJA is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (Docket # 35) is **DENIED**.

6

Dated at Milwaukee, Wisconsin this 10th day of June, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

7

Case 2:18-cv-00641-NJ   Filed 06/10/21   Page 7 of 7   Document 38